IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 3, 2024

## WILLIAM HEATH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 13-02933        Chris Craft, Judge**
_____

### No. W2023-00268-CCA-R3-CD
_____

A Shelby County Jury convicted William Heath, Petitioner, of especially aggravated robbery, aggravated assault, and reckless endangerment. On direct appeal, we affirmed the judgments of the trial court, and the Tennessee Supreme Court declined discretionary review. Petitioner then petitioned for post-conviction relief alleging trial counsel was ineffective. The post-conviction court denied the petition, and we affirmed the post-conviction court's judgment. While Petitioner's post-conviction petition was pending, he moved for DNA analysis and post-conviction relief. The post-conviction court denied the petition, and Petitioner now appeals. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Constance Wooden Alexander, Memphis, Tennessee, for the appellant, William Heath.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Sam Winnig, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual and Procedural History

Petitioner and Ms. Wilma Green, the victim, were family friends and had known each other for about forty years. *State v. Heath (Heath I)*, No. W2015-01837-CCA-R3-CD,

2016 WL 6135519, at *1 (Tenn. Crim. App. Oct. 21, 2016), *perm. app. denied* (Tenn. Jan. 20, 2017). Petitioner would often visit the victim and purchase cigarettes for her because she had "limited mobility," and in return, the victim would pay for Petitioner's cigarettes. *Id.* The victim was in her late seventies at the time of the robbery. *Id.* The day of the crime, Petitioner went to the victim's house and asked to use the bathroom. *Id.* But after using the bathroom, Petitioner went to the kitchen and grabbed a twelve-inch butcher knife. *Id.* Petitioner then demanded money from the victim. *Id.* Petitioner took money from the victim and stabbed her in the neck, causing a "gaping gash." *Id.* Petitioner also cut the victim's hands. *Id.* Petitioner then threw the victim's cell phone into the yard and said he "ought to kill" her to prevent her from contacting the police. *Id.*

Officer Charles Wren of the Memphis Police Department responded to the scene around 11:15 a.m. *Id.* Officers received a description of the suspect: a man by the name of "Willie" wearing a black jacket and blue jeans. *Id.* Petitioner's mother told police that Petitioner was at the victim's neighbor's house. *Id.* The neighbor informed police that Petitioner was in her home and the neighbor consented to a search. *Id.* Officers apprehended Petitioner, who matched the description, and had blood on his jacket. *Id.* Officers also found a butcher's knife in the neighbor's home that matched the victim's description of the knife used in the attack. *Id.* Police did not test the knife for DNA or fingerprints, "because the knife matched the victim's description of the knife used in the attack." *Id.*

The victim identified Petitioner at trial, and a Shelby County Jury found him guilty of especially aggravated robbery, reckless endangerment, and aggravated assault. *Id.* at *1-2. The trial court merged the reckless endangerment and aggravated assault convictions into the especially aggravated robbery conviction and sentenced Petitioner to forty years in prison. *Id.* at *2. We affirmed the trial court's judgments on direct appeal and our supreme court denied Petitioner's application for permission to appeal. *Id.* at *1.

On May 16, 2017, Petitioner filed a petition for post-conviction relief. In the petition, he alleged trial counsel was ineffective. *Heath v. State (Heath II)*, No. W2022-01459-CCA-R3-PC, 2023 WL 6564681, at *1 (Tenn. Crim. App. Oct. 10, 2023), *perm. app. filed*, (Tenn. Dec. 10, 23). The post-conviction court denied relief in a written order filed September 16, 2022, and we affirmed its judgment. *Id.*

In late 2019, while that petition was pending,[1] Petitioner filed a pro se petition for DNA analysis pursuant to the Post-Conviction DNA Analysis Act of 2001, set forth in

---

[1] The file-stamp date is not clear from the record. The portion of the Shelby County Criminal Court Clerk's file stamp in which the date would be recorded contains the handwritten notation of "12-919." In the petition for DNA analysis, Petitioner asserts he submitted the petition to the prison mail room on October 14, 2019.

Tennessee Code Annotated sections 40-30-301 through 313. In the petition for DNA analysis, Petitioner argued that DNA testing on the knife recovered at his arrest, and the jacket he wore at his arrest, would show that he did not commit the crimes. The State moved to dismiss the petition on October 2, 2020, arguing that the offenses for which Petitioner was convicted were not enumerated under the Act, and that DNA testing on the knife and jacket would not be exculpatory.

On January 20, 2023, Petitioner's counsel filed an amended petition for DNA testing. The post-conviction court conducted a hearing on the original and amended petitions that same day. In the amended petition and at the hearing, Petitioner argued that because trial counsel stated on the record that he did not request testing of the jacket and knife for DNA, Petitioner is entitled to DNA analysis under Tennessee Code Annotated sections 40-30-303, 40-20-304, and 40-30-311. The post-conviction court, after finding it could adjudicate Petitioner's claim under section 40-30-303's discretionary provision,[2] denied relief, and in its written order stated:

It was crystal clear at the trial of [Petitioner], over which this court presided, that [Petitioner] was very well known to the victim. To quote the . . . facts, [Petitioner] was "a friend of the family and that they had known each other for about forty years. [Petitioner] visited [the victim] nearly every day and purchased cigarettes for her regularly because she has limited mobility. In return, [the victim] would pay for [Petitioner's] cigarettes." The reason she allowed him in her house, as she did almost daily, was because he asked her if he could use her restroom and she had known him for [forty] years. In addition, the jacket and knife the police seized were found at a house of a neighbor, and [Petitioner] was found in that home after a [fifteen] minute search. The jacket and knife were found in that same home where [Petitioner] was located after a [fifteen] minute search. They were not found in the home of the victim where the crime occurred. No possible DNA evidence on those two items, found in the house with [Petitioner], the knife hidden under the kitchen sink, could possible exonerate [Petitioner].

Pursuant to [Tennessee Code Annotated section] 40-30-304(1), this court finds that any DNA of any other person, if found on the jacket or knife, would not have created a reasonable probability that [Petitioner] would not have been prosecuted or convicted of these offenses.

---

[2] The Petitioner's offenses are not among those specifically identified in Code section 40-30-303 as eligible for DNA testing. However, that statute also provides that testing may be proper "at the direction of the trial judge, [for] any other offense[.]"

Petitioner's timely appeal followed.

## II. Analysis

On appeal, Petitioner argues that the post-conviction trial court erred in denying DNA testing for the knife found at the neighbor's house where police arrested Petitioner, and the jacket Petitioner wore at his arrest.[3] The State argues that Petitioner "failed to satisfy the statutory criteria for DNA testing." We agree with the State.

Generally, a convicted person may request forensic DNA analysis of evidence under the Post-Conviction DNA Analysis Act, as follows:

> [A] person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303. A post-conviction court must order DNA testing when the following requirements are met:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

---

[3] Petitioner's brief conflates the issues of DNA analysis and ineffective assistance of counsel. Petitioner seems to argue, at times, that he is entitled to post-conviction, DNA analysis because trial counsel was allegedly ineffective in failing to request DNA testing. As noted, we have already addressed Petitioner's ineffective assistance of counsel claim. *See Heath II*, 2023 WL 6564681, at *1. As such, we will view Petitioner's current claim as solely one for post-conviction DNA relief.

- 4 -

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

*Id.* § 40-30-304. Under other circumstances, a post-conviction court has the discretion to order DNA analysis if it finds that the last three factors of section 40-30-304 are met and "[a] reasonable probability exists that analysis of the evidence will produce DNA results that would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction." *Id.* § 40-30-305(1).

Under either the mandatory or discretionary provision, a petitioner is required to meet all four elements for the post-conviction court to order DNA analysis. *Powers v. State*, 343 S.W.3d 36, 48 (Tenn. 2011); *see also Vick v. State*, No. E2017-01333-CCA-R3-PC, 2018 WL 1603049, at *2 (Tenn. Crim. App. Apr. 2, 2018)), *no perm. app. filed*. "[W]e begin with the proposition that DNA analysis will prove to be exculpatory." *Powers*, 343 S.W.3d at 55 (first citing *Payne v. State*, No. W2007-01096-CCA-R3-PD, 2007 WL 4258178, at *10 (Tenn. Crim. App. Dec. 5, 2007); and then citing *Shuttle v. State*, No. E2003-00131-CCA-R3-PC, 2004 WL 199826, at *5 (Tenn. Crim. App. Feb. 3, 2004)). Then, there must be a reasonable probability that the "exculpatory" evidence is "sufficient to undermine confidence in the outcome." *Id.* at 54 (citations omitted).

"[W]e review a post-conviction court's decision concerning whether to grant relief [under the Post-Conviction DNA Analysis Act] under an abuse of discretion standard." *State v. Wilks*, No. W2014-02304-CCA-R3-PC, 2015 WL 5719926 (Tenn. Crim. App. Sept. 30, 2015). "[T]his Court will not reverse the post-conviction court's judgment unless it is unsupported by substantial evidence." *State v. Watkins*, No. W2022-00411-CCA-R3-CD, 2022 WL 17176723, at *4 (Tenn. Crim. App. Nov. 23, 2022) (citing *Vick*, 2018 WL 1603049, at *2).

In his brief, Petitioner argues he is entitled to DNA analysis relief, and "*feels* that the testing *could have* rendered results that could have been favorable to his defense at trial." (emphasis added). This is not the standard. The standard is whether there is a reasonable probability that a favorable DNA result would sufficiently undermine confidence in the outcome at trial—not whether Petitioner "feels" it "could have." *See id*; Tenn. Code Ann. §§ 40-30-304(1), -305(1). Here, the evidence against Petitioner was strong: (1) the victim's familiarity with Petitioner that led to her eyewitness identification; (2) Petitioner hid himself after the crime at the victim's neighbor's home; (3) Petitioner was close to the crime scene at the time of his arrest; and (4) the presence of the knife and jacket that matched the victim's description. Petitioner has not shown a reasonable probability that, even if DNA testing revealed neither Petitioner's nor the victim's DNA

was on the knife and jacket (which Petitioner was wearing when he was arrested), there would have been a more favorable verdict. *See McCaleb v. State*, No. E2021-00201-CCA-R3-PC, 2022 WL 713390, at *5 (Tenn. Crim. App. Mar. 10, 2022) (concluding that an absence of the petitioner's DNA profile on a fork would not have created a reasonable probability that there would have been a more favorable verdict when the victim provided a detailed description of her attacker to police; was able to identify the petitioner; the petitioner was seen entering a nearby apartment; and the petitioner's clothing matched the victim's description), *perm. app. denied* (Tenn. July 13, 2022). Petitioner's failure to prove this element is fatal.

Additionally, Petitioner fails to show the "evidence is still in existence and in such a condition that DNA analysis may be conducted." Tenn. Code. Ann. §§ 40-30-304(2), -305(2). Petitioner asserts the knife and jacket are available to be tested, but he acknowledges that the condition of these items is unknown. It is Petitioner's burden to show that the evidence he seeks to test is "in such a condition that DNA analysis could be conducted in a proper manner." *McCaleb*, 2022 WL 713390, at *6; *see also Wilks*, 2015 WL 5719926, at *5 (denying relief when the petitioner failed to show "that the evidence is still in existence and in a condition sufficient to allow for DNA analysis"). As such, we conclude that the post-conviction court did not abuse its discretion in dismissing the petition, and Petitioner is not entitled to relief.

## III. Conclusion

Based on the foregoing reasons and authorities, we affirm the post-conviction court's dismissal of the petition for post-conviction DNA analysis.

_____
MATTHEW J. WILSON, JUDGE

- 6 -